IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2008 MAY 15 A 11: 34
CLERK R. Austin
SO. DIST. OF GA.

TIMOTHY W. FLAKES,

    Plaintiff,

vs.

JAMES E. DONALD, Commissioner;
CALVIN D. MORTON, Warden, and
CORNELL CORRECTIONS,

    Defendants.

CIVIL ACTION NO.: CV507-097

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Coffee Correctional Facility in Nicholls, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff initially filed his § 1983 complaint on November 28, 2007. Because he presented several seemingly unrelated claims against various defendants, the Court ordered that he advise which claim or related claims he wished to pursue in this action. Plaintiff has submitted a response, wherein he asserts that several of his claims are in fact related. Plaintiff wishes to pursue in one action his claims that he was improperly housed, that he was denied access to the grievance procedure, that he was denied food and medical treatment, and that he had personal property stolen. Plaintiffs contends that these claims are all related and occurred in succession, and were all the result of his refusing to be housed in an open dorm. Plaintiff seeks to dismiss his claim relating to the Inmate Benefit Trust Fund.

Though Plaintiff has provided detailed accounts of his allegations and has demonstrated possible logical relationships to one another, he has failed to sufficiently allege any constitutional violation against the named Defendants. Plaintiff has identified James E. Donald, Commissioner of the Georgia Department of Corrections, Calvin D. Morton, Warden, and Cornell Corrections, as parties to this action. He has not, however, made a single factual allegation against any of the three. It appears that Plaintiff seeks to hold Donald and Morton liable based solely on their supervisory roles. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or where there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. Plaintiff also names as a Defendant Cornell Corrections, the private corporation which contracts with the State of Georgia to run private prisons. Private contractors who run prisons or units thereof act under color of state law for purposes of § 1983. See Farrow v. West, 320 F.3d 1235 (11th Cir. 2003). However, these contractors also cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis. Monell v. Dep't of Soc. Servs. 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Congress did not intend to create liability under § 1983 unless action pursuant to an official policy or custom caused a constitutional tort. Id. at 691, 98 S. Ct. at 2036. Although Monell involved municipal corporations, the Eleventh Circuit has extended Monell's holding to private corporations. Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992). Plaintiff fails to allege that there was an established policy or custom on the part of Cornell

Corrections which led to the alleged violations of his constitutional rights. Therefore, Plaintiff fails to state a claim against Defendants.

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

So **REPORTED** and **RECOMMENDED**, this 15th day of May, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE