# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| TIMOTHY W. FLAKES, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| JAMES E. DONALD, Commissioner; | : | |
| CALVIN D. MORTON, Warden, and | | |
| CORNELL CORRECTIONS, | : | |
| Defendants. | : | NO. CV507-97 |

## ORDER

Plaintiff, Timothy W. Flakes, filed the above-captioned case against Defendants, Commissioner James E. Donald, of the Georgia Department of Corrections; Warden Calvin D. Morton, formerly of the D. Ray James State Prison in Folkston, Georgia; and Cornell Corrections, a private company that runs the Folkston prison. Flakes is currently incarcerated in the Coffee Correctional Facility in Nicholls, Georgia, and asserts several constitutional claims against Defendants pursuant to 42 U.S.C. § 1983.

Magistrate Judge James E. Graham conducted a frivolity review of Plaintiff's complaint, and entered a report and recommendation that suggested dismissal of Flakes' case.

Dkt. No. 9. Judge Graham concluded that Plaintiff appeared to hold Defendants liable based solely on their supervisory roles. The Magistrate Judge correctly noted that there is no respondeat superior liability under § 1983. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801-02 (11th Cir. 1998).

Thereafter, Flakes filed an objection to Judge Graham's report and recommendation. Flakes did not assign any fault with respect to the Magistrate Judge's conclusion that Plaintiff failed to state a claim upon which relief could be granted as to Cornell Corrections. However, Flakes alleged that he repeatedly complained to Warden Morton that his constitutional rights were being violated, and Morton did nothing to stop these violations. According to Plaintiff, the Warden should have been aware of the multiple grievances that he filed, and Flakes asserts that he wrote to Morton directly on a number of occasions to complain about the alleged mistreatment he received at the prison. Dkt. No. 11 at 7 & 9-10.

Flakes also asserted that Commissioner Donald was aware of his complaints, but Plaintiff has not offered the same level of specificity regarding Donald's knowledge or

2

responsibility for the averred constitutional violations. Dkt. No. 11 at 8. This is a crucial shortcoming that precludes Flakes from going forward with his complaint against the Commissioner, and requires that the Court overrule Flakes' objection to the Magistrate Judge's determination as it relates to Commissioner Donald, although for a different reason than the one set forth in the report and recommendation.

"In examining the factual allegations of the complaint, we must keep in mind the heightened pleading requirements for civil rights cases, especially those involving the defense of qualified immunity." Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003); see also Gene Martin Auto Sales, Inc. v. Davis, 2008 U.S. Dist. LEXIS 36687 at *8-*13 & n.4 (M.D. Ala. May 5, 2008)(applying the heightened pleading requirement, but recognizing that it is of questionable validity in light of a number of Supreme Court decisions). In short, the doctrine of stare decisis compels the Court to find that Flakes' allegations, as currently stated, are insufficient to proceed against Donald.

On the other hand, Flakes' allegations against Morton are sufficient to withstand dismissal. Under governing law,

a supervisor may be liable under § 1983, either where he personally participated in the constitutional violation, or where there is a causal connection between the supervisor's conduct and the alleged violation. Braddy, 133 F.3d at 802. "Having actual notice of the alleged unconstitutional practices combined with a refusal to investigate or respond comprises such a causal connection." Gordon v. Bennett, CV208-024, 2008 U.S. Dist. LEXIS 54874 at *3 (S.D. Ga. July 17, 2008); Young v. Donald, CV605-104, 2007 U.S. Dist. LEXIS 4803 at *19 (S.D. Ga. Jan. 22, 2007); Camilo-Robles v. Zapata, 175 F.3d 41, 44 (1st Cir. 1999)("conduct that amounts to condonation or tacit authorization" is sufficient to establish liability).

At least at this stage of the proceedings, the Court finds that Flakes' allegations against Morton are sufficient to go forward. See Marsh v. Butler County, 268 F.3d 1014, 1033-34 (11th Cir. 2001)(en banc), implicitly overruled on other grounds by Hope v. Pelzer, 536 U.S. 730, 739 (2002); Lodygowski v. Montgomery County Comm'n, 2:02-CV-767-WKW(WO), 2006 U.S. Dist. LEXIS 28112 at *18-*22 (M.D. Ala. May 3, 2006).

In sum, Flakes' objection to the Magistrate Judge's report and recommendation is **SUSTAINED** as to his claims against Warden Morton, and his claims against that Defendant may proceed. However, Flakes has failed to object to the Magistrate Judge's determination that Cornell Corrections has no liability under the facts asserted by the inmate. The Court concurs with Judge Graham's conclusion in that respect. Accordingly, that portion of the Magistrate Judge's report stands and is adopted as the order of the Court. Flakes' claims against Cornell Corrections are **DISMISSED** with prejudice.

The Court **OVERRULES** Plaintiff's objection to the report and recommendation with respect to the Magistrate Judge's suggestion that Donald should be dismissed from this action. Flakes' allegations against Donald are insufficient to meet the heightened pleading requirement imposed in the Eleventh Circuit, and the claims against Donald are **DISMISSED** without prejudice. Flakes is hereby **GRANTED** leave of the Court to amend his complaint to specify his proposed reasons for holding Donald responsible for the alleged violations stated in his complaint. See Gene Martin Auto Sales, Inc., 2008 U.S. Dist. LEXIS 36687 at *13-*14. If applicable, Plaintiff

5

should specify any particular communications to Donald apprising the Commissioner of the alleged constitutional violations suffered by Flakes. If Flakes desires to file such an amendment, he shall do so within twenty days of the date this order is entered.

**SO ORDERED**, this 25th day of August, 2008.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA